UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 02-27(DSD/JMM)

Pool Concepts, Inc., d/b/a
Pool & Spa Concepts, a
Minnesota corporation,

Plaintiff,

v.

**ORDER**

Watkins, Inc., d/b/a
Caldera Spas, a
California corporation,

Defendant.

Ronald K. Gardner, Esq., John D. Holland, Esq., and Dady & Garner, P.A., 4000 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for plaintiff.

David N. Lutz, Esq., Nicole M. Churchya, Esq., and Bowman and Brooke, L.L.P., 150 South Fifth Street, Suite 2600, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court on plaintiff's motion for a temporary restraining order. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants plaintiff's motion.

**BACKGROUND**

Plaintiff Pool Concepts, Inc., d/b/a Pool and Spa Concepts ("PSC"), a Minnesota corporation, is a franchise dealer of Caldera products and has been since January 4, 1996. Plaintiff claims

FILED 1-7-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

that, based on custom and practice, it expected to continue as a franchised dealer of Caldera products so long as it adequately performed and that if at any time Caldera believed PSC was not performing adequately, PSC would be given notice and a reasonable opportunity to cure that deficiency prior to being terminated. Watkins, Inc., d/b/a Caldera Spas, a California corporation, has manufactured Caldera products since it purchased Caldera from Custom Fiber Engineering. Watkins assumed all of the obligations and liabilities of Custom Engineering as a result of this acquisition. Watkins now threatens to terminate its relationship with PSC's and PSC seeks a temporary restraining order to prevent this termination.

**DISCUSSION**

The court considers four factors in determining whether to grant a motion for a temporary restraining order: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the nonmoving party; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981)(en banc)(preliminary injunction); Glenwood Bridge, Inc. v. City of Minneapolis, 940 F.2d 367, 368 n.1 (8th Cir. 1991)(temporary restraining order). None of these factors is determinative;

rather; the court balances the four factors to determine whether a temporary restraining order or preliminary injunction is warranted. Dataphase, 640 F.2d at 113; West Publ'g Co. v. Mead Data Cent., Inc., 799 F.2d 1219, 1222 (8th Cir. 1986). The plaintiff bears the burden concerning these four factors. Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987). Here, the court finds that PSC has met its burden on all four factors.

**A. Threat of Irreparable Harm**

When a franchisee is seeking to enjoin a franchisor from acting a manner that might be inconsistent with the Minnesota Franchise Act, then irreparable harm to the franchisee may be presumed "if the agreement is governed by the Franchise Act." Unlimited Horizon Mktg., Inc. v. Precision Hub, Inc., 533 N.W.2d 63, 66 (Minn. Ct. App. 1995)(citations omitted). The court makes a tentative finding that the Minnesota Franchise Act applies in this case. Irreparable harm is therefore presumed. See Unlimited Horizon Mktg., Inc. v. Precision Hub, Inc., 533 N.W.2d at 66. Even if the court concluded that the Act did not apply, PSC has made a sufficient showing of irreparable harm, as the court discusses below.

**B. The Balance of Harm Between the Parties**

PSC will suffer more harm if Watkins is allowed to terminate its relationship with PSC than Watkins will suffer if it is ordered to maintain the relationship. Specifically, PSC has shown that if

immediately will be unable to service and support its customer base. As a result, plaintiff will lose business and customer contacts. Plaintiff will suffer even more irreparable harm because it will be unable to sell Caldera products at the upcoming Minneapolis Home Show. Conversely, defendant will suffer little irreparable harm if it is ordered to maintain its long standing relationship with plaintiff.

**C. The Likelihood of Success on the Merits**

Based on plaintiff's complaint, motion for a temporary restraining order and oral argument, the court determines that plaintiff has made out a prima facie case that it will succeed on the merits.

**D. Public Interest**

Enforcement of private contracts serves the public interest. Moreover, public policy favors protecting franchise rights, especially those under the Minnesota Franchise Act. Public policy therefore weighs in favor of a temporary retraining order.

**E. Bond**

Under Federal Rule 65(c), the court is required to determine the amount of security that the temporary restraining order movant must give "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined." The court concludes that a bond of $2,000 is appropriate in this case.

## CONCLUSION

The court concludes that PSC has satisfied its burden, and, accordingly, grants PSC's motion for a temporary restraining order. [This court will hear further argument at a preliminary injunction hearing to be held on January 14, 2002, at 9:00 a.m.] Therefore, **IT IS HEREBY ORDERED** that plaintiff's motion for a temporary restraining order is granted.

Dated: January 4, 2002

David S. Doty, Judge
United States District Court

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500